UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FEDERATED MUTUAL INSURANCE COMPANY,** § § § | |
| **Plaintiff,** § § | |
| v. § § | **Civil Action No. _____** |
| **SERVICE KING PAINT & BODY, LLC** § § | |
| **Defendant.** § § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff Federated Mutual Insurance Company ("Federated"), makes this, its Complaint for Declaratory Judgment against Defendant Service King Paint & Body, LLC ("Service King") and alleges as follows:

**Nature of the Action**

1. This is an action brought under the Declaratory Judgment Act, 28 U.S.C. § § 2201, 2201. Federated seeks a determination of the parties' rights, duties, and obligations under certain commercial general liability insurance policies issued by Federated to Service King.

**Parties**

2. Plaintiff Federated Mutual Insurance Company is a corporation organized and existing pursuant to the laws of the State of Minnesota, with its principal place of business in Minnesota, and is therefore a citizen of Minnesota.

3. Defendant Service King is a Limited Liability Company organized and existing pursuant to the laws of the State of Texas, with its principal place of business in Texas. On information and belief, Defendant's members, are citizens of the state of Texas.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and because it is a dispute between citizens of different states.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because Defendant is subject to the Court's personal jurisdiction in this judicial district.

## THE UNDERLYING LAWSUIT AGAINST SERVICE KING

6. On May 13, 2022, Anibal Romo sued Service King for alleged violations of the Illinois Biometric Information Privacy Act ("BIPA") in a lawsuit captioned *Anibal Romo, individually and on behalf of all other persons similarly situated v. Service King Paint & Body, LLC*, No. 2022CH04621 (Cook County, IL Circuit Court, May 13, 2022) ("Underlying Lawsuit").

7. The Complaint in the Underlying Lawsuit ("Underlying Complaint") alleges that Service King violated BIPA by electronically collecting and storing its customers' fingerprints without their permission.

8. The Underlying Complaint further alleges that Service King violated BIPA by:

- failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA;

- collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

    (a)    The biometric data was being recorded, obtained, collected, or stored; and

    (b)    The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored;

- by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

9.    The Underlying Complaint also alleges that Service King did not disclose to Plaintiff the identities of any third parties with whom Service King was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data.

10.    The Underlying Complaint seeks liquidated damages or actual damages, whichever is greater, and injunctive relief.

## THE FEDERATED POLICIES

11.    Federated insured Service King under Commercial Package policies of insurance for the period 12-01-2016 to 12-01-2022 ("Federated Policies" or "Policies").

12.    The Policies provide "personal and advertising injury liability" coverage in pertinent part as follows:

**COVERAGE B — PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

    **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

13. The Policies contain the following relevant exclusions for "personal and advertising injury liability" coverage:

**2.    Exclusions**

This insurance does not apply to:

a.   **Dishonest, Fraudulent, Criminal Or Malicious Act**

Damages arising out of any intentional, dishonest, fraudulent, criminal or malicious act, error or omission, committed by any insured, including the willful or reckless violation of any statute.

\* \* \*

p.   **Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)   The Telephone Consumer Protection Act (TCPA including any amendment of or addition to such law;

(2)   The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3)   The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

(4)   Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\* \* \*

\*[1]   **Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents,

---

[1] As added by Electronic Data Liability Endorsement CG 04 37 05 14.

>   trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
>   This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.
>
> \*[2]   **Employment-Related Practices Exclusion Endorsement**
>
> * * *
>
> **B.**   The following exclusion is added to Paragraph **2., Exclusions** of Section **I - Coverage B - Personal And Advertising Injury Liability:**
>
>   This insurance does not apply to: "Personal and advertising injury" to:
>
>   **(1)**   A person arising out of any:
>
>   (a)   Refusal to employ that person;
>   (b)   Termination of that person's employment; or
>   (c)   Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> * * *

14.   The Policies contain the following relevant definitions:

**SECTION V — DEFINITIONS**

* * *

**14.**[3]   "Personal and advertising injury" means injury, including consequential "bodily injury", humiliation, mental anguish or shock, arising out of one or more of the following offenses:

* * *

   **e.**   Oral or written publication, in any manner, of material that violates a person's right of privacy;

---

[2]  As added by the Texas Changes – Employment-Related Practices Exclusion endorsement. Form CG 26 39 12 07.

[3]  As modified by Endorsement IL-F-10.02 (07-95) – 2.

\* \* \*

15. The Policies contain the following relevant provisions for "Employee Benefits Liability Coverage":

**A.** The following is added to **Section I – Coverages**:

**COVERAGE - EMPLOYEE BENEFITS LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of any act, error or omission, of the insured, or of any other person for whose acts the insured is legally liable, to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply.

\* \* \*

**b.** This insurance applies to damages only if:

**(1)** The act, error or omission, is negligently committed in the "administration" of your "employee benefit program";
**(2)** The act, error or omission, did not take place before the Retroactive Date, if any, shown in the Schedule nor after the end of the policy period; and
**(3)** A "claim" for damages, because of an act, error or omission, is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or an Extended Reporting Period we provide under Paragraph **F.** of this endorsement.

**c.** A "claim" seeking damages will be deemed to have been made at the earlier of the following times:

**(1)** When notice of such "claim" is received and recorded by any insured or by us, whichever comes first; or
**(2)** When we make settlement in accordance with Paragraph **a.** above.

> A "claim" received and recorded by the insured within 60 days after the end of the policy period will be considered to have been received within the policy period, if no subsequent policy is available to cover the claim.
>
> **d.** All "claims" for damages made by an "employee" because of any act, error or omission, or a series of related acts, errors or omissions, including damages claimed by such "employee's" dependents and beneficiaries, will be deemed to have been made at the time the first of those "claims" is made against any insured.

16. The Policies contain the following relevant exclusions for "employee benefits liability" coverage:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a. Dishonest, Fraudulent, Criminal Or Malicious Act**
> Damages arising out of any intentional, dishonest, fraudulent, criminal or malicious act, error or omission, committed by any insured, including the willful or reckless violation of any statute.
>
> **b. Bodily Injury, Property Damage, Or Personal And Advertising Injury**
> "Bodily injury", "property damage" or "personal and advertising injury".
>
> * * *
>
> **i. Taxes, Fines Or Penalties**
> Taxes, fines or penalties, including those imposed under the Internal Revenue Code or any similar state or local law.
>
> **j. Employment-Related Practices**
> Damages arising out of wrongful termination of employment, discrimination, or other employment-related practices.
>
> * * *

17. The Policies contain the following additional and modified definitions for "employee benefits liability" coverage:

> **G.** For the purposes of the coverage provided by this endorsement, the following definitions are added to the Definitions Section:

1. "Administration" means:

    a. Providing information to "employees", including their dependents and beneficiaries, with respect to eligibility for or scope of "employee benefit programs";

    b. Handling records in connection with the "employee benefit program"; or

    c. Effecting, continuing or terminating any "employee's" participation in any benefit included in the "employee benefit program".

    However, "administration" does not include handling payroll deductions.

    * * *

3. "Claim" means any demand, or "suit", made by an "employee" or an "employee's" dependents and beneficiaries, for damages as the result of an act, error or omission.

4. "Employee benefit program" means a program providing some or all of the following benefits to "employees", whether provided through a "cafeteria plan" or otherwise:

    a. Group life insurance, group accident or health insurance, dental, vision and hearing plans, and flexible spending accounts, provided that no one other than an "employee" may subscribe to such benefits and such benefits are made generally available to those "employees" who satisfy the plan's eligibility requirements;

    b. Profit sharing plans, employee savings plans, employee stock ownership plans, pension plans and stock subscription plans, provided that no one other than an "employee" may subscribe to such benefits and such benefits are made generally available to all "employees" who are eligible under the plan for such benefits;

    c. Unemployment insurance, social security benefits, workers' compensation and disability benefits;

    d. Vacation plans, including buy and sell programs; leave of absence programs, including military, maternity, family, and civil leave; tuition assistance plans; transportation and health club subsidies; and

    e. Any other similar benefits designated in the Schedule or added thereto by endorsement.

  **H**. For the purposes of the coverage provided by this endorsement, Definitions 5. and 18. in the Definitions Section are replaced by the following:

    5. "Employee" means a person actively employed, formerly employed, on leave of absence or disabled, or retired. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

    18. "Suit" means a civil proceeding in which damages because of an act, error or omission to which this insurance applies are alleged. "Suit" includes:

      a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

      b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

## COUNT I

## DECLARATORY JUDGMENT

18. Federated re-alleges and incorporates herein all allegations in the preceding paragraphs in this Complaint.

19. An actual controversy exists between Federated and Service King with respect to the availability of coverage under the Federated Policies for the allegations and claims asserted against Service King in the Underlying Complaint.

20. Based on the foregoing, Federated respectfully requests the Court declare that Federated has no duty to defend or indemnify Service King under the Federated Policies against the claims in the Underlying Complaint.

21. Declaratory relief will resolve the dispute between Federated and Service King regarding insurance coverage under the Federated Policies for the claims asserted in the Underlying Complaint.

22. Pursuant to the Uniform Declaratory Judgment Act, 28 US.C. §§ 2201 and 2202, Federated respectfully requests that the Court declare the following:

    a. That Federated has no duty to defend or indemnify Service King under the "personal and advertising injury liability" coverage because the Underlying Complaint does not allege a covered "personal and advertising injury" offense.

    b. That Federated has no duty to defend or indemnify Service King under the "personal and advertising injury liability" coverage because the allegations in the Underlying Complaint are excluded by the "Recording And Distribution Of Material Or Information In Violation of Law" exclusion.

    c. That Federated has no duty to defend or indemnify Service King under the "personal and advertising injury liability" coverage because the allegations in the Underlying Complaint are excluded by the "Access Or Disclosure Of Confidential Or Personal Information" exclusion.

    d. That Federated has no duty to defend or indemnify Service King under the "personal and advertising injury liability" coverage to the extent the allegations in the Underlying Complaint are excluded by the "Employment-Related Practices Exclusion Endorsement" exclusion.

    e. That Federated has no duty to defend or indemnify Service King under the "personal and advertising injury liability" coverage to the extent the allegations in the Underlying Complaint are excluded by "Dishonest, Fraudulent, Criminal Or Malicious Act" exclusion.

    f. That Federated has no duty to defend or indemnify Service King under the "personal and advertising injury liability" coverage to the extent the Underlying Complaint does not allege a "personal and advertising injury" offense committed during the policy period.

    g. That Federated has no duty to defend or indemnify Service King under the Employee Benefits Liability Coverage Endorsement because the Underlying Complaint does not allege that Service King committed any act, error or omission the "administration" of an "employee benefit program."

    h. That Federated has no duty to defend or indemnify Service King under the Employee Benefits Liability Coverage Endorsement to the extent the allegations

           in the Underlying Complaint are excluded by the "Employment Related Practices" exclusion."

i.     That Federated has no duty to defend or indemnify Service King under the Employee Benefits Liability Coverage Endorsement to the extent the allegations in the Underlying Complaint are excluded by the "Dishonest, Fraudulent, Criminal Or Malicious Act" exclusion.

j.     That Federated has no duty to defend or indemnify Service King under the Employee Benefits Liability Coverage Endorsement to the extent the allegations in the Underlying Complaint are excluded by the "Bodily Injury, Property Damage, Or Personal And Advertising Injury" exclusion.

k.     That Federated has no duty to defend or indemnify Service King under the Employee Benefits Liability Coverage Endorsement to the extent the allegations in the Underlying Complaint are excluded by the "Taxes, Fines or Penalties" exclusion.

l.     That Federated has no duty to defend or indemnify Service King under the Employee Benefits Liability Coverage Endorsement to the extent the Underlying Complaint does not allege any act, error or omission taking place after the retroactive date and first made during the policy period.

m.     That Federated has no duty to defend or indemnify Service King to the extent the Underlying Complaint does not seek covered damages.

n.     That coverage under the Federated Policies is or may be precluded, excluded or limited by virtue of other provisions, exclusions, definitions, terms, conditions, limitations, including applicable limits of liability, deductibles, self-insured retentions, and other insurance provisions or limitations contained in the Federated Policies.

o.     That to the extent that any of the Federated policies provide coverage for the allegations in the Underlying Complaint and that there is any other insurance available during the Federated policy periods, Federated is entitled to contractual and/or common law contribution, subrogation, and/or indemnification from any other insurer whose policies also provide coverage during the Federated Policy periods.

p.     That if Federated has a duty to defend, Federated is only obligated to pay defense counsel the normal hourly rate that Federated pays to other counsel with similar experience who represent its insureds in similar cases.

**PRAYER FOR RELIEF**

WHEREFORE, Federated requests judgment in its favor as follows:

1. For a declaration that Federated has no duty to defend Service King under the Federated Policies against the claims in the Underlying Lawsuit;

2. For a declaration that Federated has no duty to indemnify Service King under the Federated Policies against the claims in the Underlying Lawsuit;

3. For all costs and disbursements incurred herein in pursuing this action; and

4. For any other relief the Court deems just and proper.

Dated: November 4, 2022

Respectfully submitted,

*/s/ Beth D. Bradley*
Beth D. Bradley
State Bar No. 06243900
bethb@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:   (214) 665-0100
Facsimile:   (214) 665-0199

-and-

*/s/ Charles E. Spevacek*
Charles E. Spevacek (*pro hac vice* pending)
cspevacek@meagher.com
Michael P. McNamee (*pro hac vice* pending)
mmcnamee@meagher.com
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN  55402
Phone:  (612) 338-0661
Fax:  (612) 338-8384
**ATTORNEYS FOR PLAINTIFF FEDERATED MUTUAL INSURANCE COMPANY**