UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-cv-02484-G |
| SERVICE KING PAINT & BODY, LLC | § § § § | |
| Defendant. | | |

## FEDERATED'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

TO THE HONORABLE COURT:

Plaintiff Federated Mutual Insurance Company ("Federated"), by and through its undersigned attorneys, hereby moves the Court for Entry of Default Judgment against Defendant Service King Paint & Body, LLC ("Service King") Pursuant to Fed. R. Civ. P. 55(b)(2). As grounds therefor, Federated states as follows:

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

1. Plaintiff Federated seeks entry of a default judgment at this time pursuant to Fed. R. Civ. P. 55(b)(2). All matters raised in the Complaint may properly be decided by the Court as a matter of law, and Federated seeks a judicial determination that it does not owe any duty to defend or indemnify Service King for the claims currently pending in the Cook County, Illinois, Circuit Court in the underlying lawsuit between Anibal Romo and Service King ("Underlying Lawsuit"). In support of the request for entry of default judgment, Federated shows the following undisputed facts and legal arguments.

1

2. As of the filing of this motion, Service King has not made an appearance in this action. A Clerk's Default was entered on December 16, 2022. (Dkt. 13).

3. On May 13, 2022, Anibal Romo sued Service King for alleged violations of the Illinois Biometric Information Privacy Act ("BIPA") in the Underlying Lawsuit.

4. Federated is defending Service King against the claims in the Underlying Lawsuit subject to a reservation of rights. (Declaration of Johnathan M. Nelson, ¶ 3).

**I.    The Underlying Complaint.**

5. The Complaint in the Underlying Lawsuit ("Underlying Complaint") alleges that Service King violated Sections 15(a), (b) and (e) of BIPA by electronically collecting and storing its customers' fingerprints without their permission. (Nelson Decl., Ex. 1, Underlying Complaint).

6. The Underlying Complaint further alleges that Service King violated BIPA by:

- failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA;

- collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

    (a)    The biometric data was being recorded, obtained, collected, or stored; and

    (b)    The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored;

- by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

(*Id.*, ¶¶ 14-23).

7. The Underlying Complaint also alleges that Service King did not disclose to Plaintiff the identities of any third parties with whom Service King was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data. (*Id.*, ¶ 24).

8. The Underlying Complaint also alleges that Service King Defendant is storing its data in a manner less secure than it stores other similarly sensitive data. (*Id.*, ¶ 25).

9. The Underlying Complaint seeks to seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of "[a]ll individuals whose biometric data Defendant collected or stored in Illinois." (*Id.*, ¶ 26).

10. The Underlying Complaint seeks statutory, liquidated, and/or actual damages, and injunctive relief. (*Id.*, Prayers for Relief).

11. Federated insured Service King under Commercial Package policies of insurance for six annual periods from December 1, 2016 through December 1, 2022 ("Federated Policies"). True and correct copies of relevant excerpts of the Federated Policies, which are identical in all relevant respects, are attached as Exhibits 2, 3, 4, 5, 6 and 7.

## II. Personal and Advertising Injury Coverage Does Not Apply.

12. The Federated Policies' Personal and Advertising Injury Liability Insuring agreement provides in relevant part as follows:

**1. Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

    **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Exs. 2-7 at Commercial General Liability Coverage Form, Coverage B - Personal and Advertising Injury Liability).

13. The Federated Policies define "personal and advertising injury" in pertinent part as:

    **14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", humiliation, mental anguish or shock, arising out of one or more of the following offenses:

* * *

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

(*Id.*, Section V – Definitions)

14. Federated has no duty to defend or indemnify Service King under the Personal and Advertising Injury Liability coverage because the Underlying Complaint does not allege that Service King "published" copies of the underlying plaintiff's biometric data. Texas applies the "eight corners" rule – *i.e.*, comparison of the factual allegations of the underlying petition to the terms of the insurance policy only – to determine whether an insurer owes an insured a duty to defend. *Nutmeg Ins. Co. v. Clear Lake City Water Auth.*,

229 F. Supp. 2d 668, 676 (S.D. Tex. 2002) (citations omitted). Terms in a policy are given their ordinary and generally accepted meaning, and the insured bears the burden of demonstrating that its claim is potentially within the insurance policy's scope of coverage. *Id*.

15. The term "publication" is defined as "communication (as of news or information) to the public: public announcement" or as "the act or process of issuing copies (as a book, photograph, or musical score) for general distribution to the public." *See Creative Hosp. Ventures, Inc. v. U.S. Liab. Ins. Co.*, 444 F. App'x 370, 374 (11th Cir. 2011) (*citing* Webster's Third New International Dictionary 1836 (1981)). Likewise, to publish is "to place before the public (as through a mass medium): DISSEMINATE." *Id*. (*citing* Webster's at 1837 and holding "publication" as used in Personal and Advertising Injury Coverage did not include a merchant's provision of a receipt to a customer during a retail transaction). Here, the Underlying Complaint does not trigger Personal and Advertising Injury coverage because it does not allege Service King "published" plaintiff's biometric data, but rather alleges only that Service King collected and stored that data.

16. The Personal and Advertising Injury Liability coverage contains an exclusion for Recording And Distribution Of Material Or Information In Violation Of Law, which provides:

> **p.  Recording And Distribution Of Material Or Information In Violation Of Law**
>
> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

> **(1)** The Telephone Consumer Protection Act (TCPA including any amendment of or addition to such law;
>
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

(*Id*., Coverage B, Exclusions).

17. Personal and Advertising Injury Liability coverage is excluded because the Underlying Complaint alleges violation of BIPA, a state statute that regulates the collection and communication of the underlying plaintiffs' biometric data. *See* Cont'l *W. Ins. Co. v. Cheese Merchants of Am., LLC*, No. 21-CV-1571, 2022 WL 4483886, at \*15 (N.D. Ill. Sept. 27, 2022) (alleged BIPA violations came directly within the scope of identical Recording and Distribution of Material or Information Exclusion; distinguishing *W. Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 58, 183 N.E.3d 47 on different exclusionary language); *Massachusetts Bay Ins. Co. v. Impact Fulfillment Servs., LLC*, No. 1:20CV926, 2021 WL 4392061, at \*6 (M.D.N.C. Sept. 24, 2021) (same).

18. The Personal and Advertising Injury Liability coverage contains an exclusion for Access Or Disclosure Of Confidential Or Personal Information, which excludes coverage for "'personal and advertising injury' arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents,

trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of non-public information." (Exs. 2-7, Electronic Data Liability Endorsement, Paragraph B.2.)

19. Personal and Advertising Injury coverage is excluded because the alleged BIPA claims against Service King arose out of "access to or disclosure of any person's or organization's confidential or personal information." *See Cont'l W. Ins. Co. v. Cheese Merchants of Am., LLC*, No. 21-CV-1571, 2022 WL 4483886, at *5 (N.D. Ill. Sept. 27, 2022) (holding identical exclusion barred BIPA claim; noting split on the issue in the Northern District of Illinois federal courts).

### III. Employee Benefits Liability Coverage Does Not Apply.

20. The Federated Policies' Employee Benefits Liability Coverage insuring agreement provides "claims-made" coverage for "those sums that the insured becomes legally obligated to pay as damages because of any act, error or omission . . . negligently committed in the 'administration' of your 'employee benefit program'". It defines "administration" in pertinent part as "[p]roviding information to "employees", including their dependents and beneficiaries, with respect to eligibility for or scope of "employee benefit programs". And it defines "employee benefit program" in pertinent part as "a program providing [certain types of] benefits to "employees", whether provided through a "cafeteria plan" or otherwise. (Exs. 2-7, Employee Benefits Liability Coverage Form).

21. Employee Benefits Liability Coverage does not apply under the policy's ordinary and generally accepted meaning, because the Underlying Complaint does not allege that Service King committed any act, error or omission in the "administration" of an

7

"employee benefit program." To the contrary, the maintenance of biometric data records in no respect provides employees with any sort of "benefit." *Cf. Texas Dist. Lutheran Church-Missouri Synod v. Federal Ins. Co,* No. 03-99-00268-CV, 2000 WL 632648, at *1 (Tex. App. May 18, 2000) (allegations that insured was not qualified to offer elderly client estate planning advice in connection with pressuring her into transferring control of her estimated $2 million estate to the insured was not the administration of an employee benefit program);

22. On the other hand, the maintenance of employee biometric data records ***does*** qualify as an "employment related practice" under the Policy's Employment Related Practices exclusion, which excludes "damages arising out of wrongful termination of employment, discrimination, or other employment-related practices." (*Id*., Exclusions)

23. Accordingly, Personal and Advertising Injury Liability coverage is excluded under the Employment Related Practices exclusion's ordinary and generally accepted meaning, because the alleged BIPA claims constitute an excluded Employment Related Practice.

**IV. Other Coverage Defenses.**

24. The Federated Policies are subject to other terms, conditions and exclusions that may preclude or limit coverage for Service King, as set forth in Federated's Reservation of Rights letter and its Complaint in this matter. Solely for the purposes of this Motion, Federated stipulates the Court need not determine the extent to which those defenses might apply.

## PRAYER FOR RELIEF

25. Federated hereby prays for a judicial declaration in the form of a default judgment from the Court that Federated does not owe any duties to defend or indemnify Service King in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Federated respectfully requests entry of default against Defendant Service King. Federated further requests a judicial declaration in the form of a default judgment that Federated does not owe any duty to either defend or indemnify Service King in the Underlying Lawsuit, and for such other and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Beth D. Bradley*
Beth D. Bradley
State Bar No. 06243900
bethb@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: (214) 665-0100
Facsimile: (214) 665-0199

-and-

*/s/ Charles E. Spevacek*
Charles E. Spevacek (*pro hac vice*)
cspevacek@meagher.com
Michael P. McNamee (*pro hac vice*)
mmcnamee@meagher.com
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402

Phone: (612) 338-0661
Fax: (612) 338-8384
*Attorneys for Plaintiff Federated Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022, a copy of the foregoing was served certified mail, return receipt requested, and regular United States mail on the following:

Service King Paint & Body, LLC
c/o CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

*/s/ Beth D. Bradley*
Beth D. Bradley